**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Criminal File No. 10-09(1) (MJD)

KOU LEE,

Defendant.

---

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Kou Lee, Defendant, pro se.

---

This matter is before the Court on Defendant's Motion for Compassionate Release. (Doc. 608.) For the reasons addressed below, this motion is denied.

## I. BACKGROUND

On July 19, 2010, Defendant pleaded guilty to conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On January 6, 2011, the Court sentenced Defendant to 300 months in prison. (Doc. 351.) Defendant's sentence has been reduced twice, once to correct an erroneous calculation of the drug weight for which he was responsible, and once pursuant to an amendment to the Sentencing Guidelines, which was made retroactive. (Docs. 400, 482.) Defendant is currently committed to the custody of the Bureau

of Prisons for a total of 240 months. He is serving his sentence at Leavenworth FCI and is set to be released in April 2029. See Bureau of Prisons (BOP), Find an inmate, https://www.bop.gov/inmateloc/ (last accessed Sept. 24, 2026). At the time Defendant filed his motion, he was incarcerated at FCI Schuylkill and his release date was August 2027. (Docs. 603, 607.)

Defendant currently seeks compassionate release pursuant to U.S.S.G. § 1B1.13(b)(6), which provides relief for defendants serving "unusually long" sentences. (Doc. 590.)

## II. PROCEDURAL HISTORY

This motion has a long procedural history, which is known to the parties. The Court only summarizes that history here. On September 19, 2024, Defendant filed his original motion for compassionate release (Doc. 590); the Government responded (Doc. 603); the motion was dismissed without prejudice for failure to exhaust administrative remedies (Doc. 607); and on February 3, 2025, Defendant refiled. (Doc. 608.) On February 10, 2025, Defendant filed motions to (1) reinstate his compassionate release motion because he had complied with the exhaustion requirement, and (2) appoint counsel to assist with both his compassionate release motion and his appeal. (Docs. 611, 613.) Defendant appealed the Court's order dismissing his original motion for compassionate

release on February 10, 2025, and withdrew his appeal on March 24. On March 27, 2025, the Eighth Circuit dismissed Defendant's appeal and issued its mandate.

On March 13, 2025, the Government filed a letter to the Court stating, in pertinent part, that Defendant had shown that he exhausted administrative remedies[1] and that when the Court once again had jurisdiction over this case, it should either stay the case pending the Eighth Circuit's disposition of United States v. Loggins, Appeal No. 24-1488 and United States v. Crandall, Appeal No. 24-1569, or rule on Defendant's motion after consideration of the Government's arguments contained in Docket No. 603. (See Doc. 630.) On March 27, 2025, the Eighth Circuit dismissed Defendant's appeal and issued its mandate.

The Court informally stayed the case based on the Eighth Circuit's then-pending decisions in Loggins and Crandall, which were consolidated by the Eighth Circuit under the caption United States v. Loggins, Appeal No. 24-1488.

---

[1] The exhibit filed by Defendant refers to a 2020 motion for compassionate release based on the dangers of exposure to COVID 19 in prison, which means Defendant did not exhaust his administrative remedies as to his current motion. (See Docs. 611-1, 628.) However, because the Court is denying all of Defendant's outstanding motions, rendering the issue of exhaustion moot, and because it has taken so long to get to this point, the Court will now rule on the motion for compassionate release.

The Eighth Circuit, in turn, held those appeals in abeyance pending the Supreme Court's decision in Rutherford v. United States, – U.S. –, 146 S. Ct. 1320 (2026). See United States v. Loggins, 24-1488 (8th Cir. Docket Sheet). On July 16, 2026, the Court lifted its informal stay because the Eighth Circuit had decided Loggins. (Doc. 649.)

Between March 2025 and August 2026, Defendant filed several additional documents in support of and/or referring to his motion for compassionate release, including another motion for compassionate release that asked the Court to rule on his pending motion and to consider his previously-filed memoranda and documents. (Docs. 627, 628, 643, 644, 648, 650.)

## III. COMPASSIONATE RELEASE

In 2018, Congress passed the First Step Act of 2018 ("the Act"), which, as relevant here, reduced the mandatory penalties for defendants with prior drug felonies. The Act reduced the mandatory minimum for a second violation from 20 to 15 years. See 21 U.S.C. §§ 841, 851; 21 U.S.C. §§ 802(58),(59) (defining "serious drug felony" and "serious violent felony"). These changes are not retroactive.

To grant compassionate relief to a defendant, the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility,

> reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §§ 3582(c)(1)(A)(i), 3582(c)(2) (emphasis added).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

## IV. DISCUSSION

Defendant seeks compassionate release pursuant to U.S.S.G. § 1B1.13(b)(6) because he received an "unusually long sentence" and because his sentence would be shorter today as the mandatory prison term for his offense of conviction was reduced from 20 to 15 years. (Doc. 590.)

Defendant's claims fail as a matter of law. The Eighth Circuit's decision in United States v. Loggins, 181 F.4th 883 (8th Cir. 2026) and the Supreme Court's

decision in Rutherford, 146 S. Ct. 1320, upon which it relies, squarely address Defendant's arguments. In Loggins, the Eighth Circuit addressed "whether nonretroactive changes to relevant sentencing law can serve as an extraordinary and compelling reason to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), the statutory remedy known as compassionate release." 181 F.4th at 884.

Defendant argues that if he were sentenced today, he would be subject to a lower mandatory sentence and therefore the change resulted in a "gross disparity" as applied to his current sentence. The "problem is [he was] not sentenced today, and the Act's changes were not made retroactive; they apply only to defendants who had not yet been sentenced." Id. at 885 (citing Rutherford, 146 S. Ct. at 1327).

"A prison sentence, once imposed, usually cannot be modified by the district court." Rutherford, 146 S. Ct. at 1326. Generally, "changes to sentencing statutes apply only to offenses committed after the statute's effective date." Id. at 1327. In Rutherford, the Supreme Court resolved a circuit split "over whether the disparity created by a nonretroactive change to sentencing law, like the Act, can constitute an 'extraordinary and compelling reason' that 'warrants'

compassionate release." Id. at 1329-30 (cleaned up). The Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reason' that warrants a sentence reduction." Id. at 1330 (cleaned up) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

> Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm. Ordinarily, . . . statutory changes to federal penalties only benefit future offenders. . . . [A] nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not. . . . Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default. As for "compelling" . . . [t]reating the disparity resulting from [a statute's amendment] as a compelling reason for reducing a sentence would undermine Congress's choice to leave the sentence intact.

Loggins, 181 F.4th at 886 (quoting Rutherford, 146 S. Ct. at 1330-31) (alterations, except for last set of brackets, in original). Therefore, the nonretroactive changes to the First Step Act, "like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." Id. (citing United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022)).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Sentence Reduction **[Doc. 608]** is **DENIED**;

2. Defendant's Motion to Reinstate his 18 U.S.C. § 3582(c)(1)(A) Motion **[Doc. 611]** is **GRANTED as to considering the Motion**;

3. Defendant's Motion for Appointment of Counsel **[Doc. 613]** is **DENIED as moot**; and

4. Defendant's Motion for Compassionate Release **[Doc. 650]** is **DENIED as moot and as duplicative**.

Date: October 6, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court